**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

**CLEVELAND POMPEY,**

                **Plaintiff,**

          **v.**

**COMMISSIONER OF SOCIAL
SECURITY,**

                **Defendant.**

**1:07-CV-576
(GLS/DEP)**

**APPEARANCES:**

**FOR THE PLAINTIFF:**

CLEVELAND POMPEY
Plaintiff, *Pro Se*
Last Known Address
261 North Pearl Street
Albany, New York 12207

**FOR THE DEFENDANT:**

Social Security Administration
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278

**OF COUNSEL:**

SIXTINA FERNANDEZ, ESQ.
SUSAN C. BRANAGAN, ESQ.

**Gary L. Sharpe
U.S. District Judge**

**DECISION AND ORDER**

## I. Introduction

The court cannot locate *pro se* plaintiff, Cleveland Pompey. Accordingly, it considers *sua sponte* Pompey's noncompliance with this court's orders, and this district's local rules, by failing to notify the court of his current address and by not prosecuting his action.

## II. Procedural History

On May 30, 2007, Pompey filed a complaint in the above captioned action. (See Dkt. No. 1) By order dated June 20, 2007, Magistrate Judge Peebles granted Pompey leave to proceed *in forma pauperis*. (See Dkt. No. 4) Attached was this district's general order 18, which informed Pompey that he was required to file a legal brief within 45 days of the Commissioner's answer.

The Commissioner answered Pompey's complaint on October 12, 2007. (See Dkt. No. 11) However, Pompey neglected to file his legal brief within the requisite time period. Therefore, in an order dated November 30, 2007, Judge Peebles ordered that the Commissioner's brief be filed first, and gave Pompey 45 days after service of the Commissioner's brief to file his own brief. (See Dkt. No. 12) This order, mailed to Pompey's last known address, was returned to sender - Not Deliverable as Addressed -

2

Unable to Forward.  (See Dkt. No. 13)  Accordingly, on March 19, 2008, this court ordered Pompey to verify or submit his current address to the court within 14 days or face dismissal of his action.  (See Dkt. No. 18)  This order was also returned as undeliverable.  (See Dkt. No. 19)

### III.  Discussion

This district has expended considerable effort in order to familiarize *pro se* litigants with this district's local rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible.  See http://www.nynd.uscourts.gov.

As relevant to the matter at hand, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.**  The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action.  The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action." L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary

3

authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also Lyell Theater Corp. v. Loews Corp.*, 628 F.2d 37 (2d Cir. 1982).

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, No. 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, J.)). As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* No. 95cv1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders

4

related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner*, No. 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1. However, before invoking such a dismissal the court will first consider the following "five factors: '[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.'" *Ferran v. Office of Dist. Atty. of County of Rensselaer*, No. 05-2978-cv, 2008 WL 146918, at *1 (2d Cir. Jan. 15, 2008) (quoting *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994)).

In the current instance, it has been more than four months since Judge Peebles' order to Pompey was returned as undeliverable. This court's subsequent order to Pompey, informing him that he must update his address or face dismissal of his action, has also been returned as undeliverable. The court has not had any communication with Pompey in

5

months, and the extended deadline for filing his brief, as per Judge Peebles' order, has expired.

The court recognizes that it is of the utmost importance to safeguard a plaintiff's due process rights and to provide him his day in court. However, it is manifestly unjust to subject the defendant herein to an ongoing limbo while all concerned await the possible reappearance of Pompey. Courts must at some point divest their dockets of actions filed by persistently remiss plaintiffs. Therefore, having given Pompey ample opportunity to rectify his lapse, and perceiving no lesser sanction of equal efficiency, the court deems it proper to dismiss his action.

## IV. Conclusion

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED**, that Pompey's action is **DISMISSED** in its entirety for failure to notify the court of his current address, for failure to prosecute, and for failure to comply with Judge Peebles' November 30th order and this court's March 19th order; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED** that the Clerk serve copies of this Order to the parties by

6

regular mail; and it is further

**ORDERED** that the Clerk serve Pompey at his last known address.

**IT IS SO ORDERED.**

Dated:   May 19, 2008
         Albany, New York

                                            _____
                                            Gary L. Sharpe
                                            U.S. District Judge